

FILED

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0031

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0031

CHARLES ALLEN ARMSTRONG,

Petitioner,

v.

PETE BLUDWORTH, Warden,
Crossroads Correctional Center,

Respondent.

FILED

JAN 2 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Charles Allen Armstrong petitions this Court for habeas corpus relief, indicating that his sentence is longer than allowed under Montana law.

Armstrong contends that his three, five-year sentences are illegal because they all run consecutively to each other. He states that "5 year DOC, 5 year, 5 year all consecutive . . . [have] turned into a 15 year MSP sentence for [him]." He further states that more of his sentences should be suspended and that he was "unfairly and unharshly sentenced[.]" He puts forth that his due process rights were violated because he did not obtain a copy of his written judgments until July 2020, almost eighteen months after issuance, thereby precluding any opportunity to seek sentence review. Armstrong also alleges that the Department of Corrections (DOC) failed to comply with the Americans with Disability Act (ADA) because the DOC failed to give him a back brace as reasonable accommodation for his "chronic back issues[,]" to allow him "to proceed as an Inmate worker[.]"

This Court is familiar with Armstrong's history because we addressed his claim about a "box-car" sentence last year. *See Armstrong v. Kowalski*, No. OP 20-0337, 2020 Mont. LEXIS 1993, Order (Mont. Jul. 7, 2020) (*Armstrong I*). On December 11, 2018, the Lewis and Clark County District Court sentenced him to a five-year DOC sentence for forgery, a five-year consecutive DOC sentence for forgery, and a three-year concurrent term for deceptive practices. On April 25, 2019, the Butte-Silver Bow County District

Court sentenced Armstrong to a five-year consecutive sentence to the DOC for possession of cocaine.

> We concluded then that Armstrong's sentences were valid.
>
> Armstrong's sentences are not illegal. Even though Armstrong does not provide any authority for his conclusion, he may be referring to a Montana statute where the first five years must be suspended. Pursuant to § 46-18-201(3)(a)(iv)(A), MCA (2017), [w]henever a person has been found guilty of an offense upon . . . a plea of guilty . . . , a sentencing judge may impose a sentence that may include[,]" a commitment "to the department of corrections with a recommendation for placement in an appropriate correctional facility or program; however, all but the first 5 years of the commitment to the department of corrections must be suspended[.]" This statutory scheme provides other options for sentencing, too. A sentence may include "any combination of subsections (2) and (3)(a)(i) through (3)(a)(vii)." Section 46-18-201(3)(a)(vii), MCA (2017).
>
> Consequently, Armstrong's sentences are valid because a district court may impose "a term of incarceration, as provided in Title 45 for the offense, at a county detention center or at a state prison to be designated by the department of corrections[.]" Section 46-18-201(3)(a)(iii), MCA (2017). The Lewis and Clark County District Court as well as the Butte-Silver Bow County District Court sentenced Armstrong to the DOC under the existing statutory authority for the offense. For forgery, a term in the state prison may be five years for a second, or third or subsequent offense, pursuant to § 45-6-325(4)(b), MCA (2017). For criminal possession of dangerous drugs, such as cocaine, a person "shall be imprisoned in a state prison for a term not to exceed 5 years . . . ." Section 45-9-102(3), MCA (2017). "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders." Section 46-18-401(4), MCA (2017).

*Armstrong I*, at *4-*5.

Armstrong has not demonstrated that he is entitled to habeas corpus relief. He has not shown an illegal sentence or illegal incarceration. Section 46-22-101(1), MCA. As explained previously, he has a valid sentence under Montana law.

Armstrong's other claims are outside the scope of habeas corpus relief. We point out, however, pursuant to § 46-18-904(1)(a)(ii), MCA, the Sentence Review Division of the Montana Supreme Court may "decrease or increase [] the penalty[,]" upon review.

2

Turning to his request for a back brace, it is not clear whether Armstrong filed a kite or Inmate/Offender Grievance Form with the DOC in making such request. *See* DOC Montana State Prison Inmate Grievance Program 3.3.3. The DOC's program would be the more appropriate forum. Therefore,

IT IS ORDERED that Armstrong's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Charles Allen Armstrong personally.

DATED this 21 day of January, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices